**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| ISAAC JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No 1:16-cv-0255-LJM-DML |
| ) | |
| DUSHAN ZATECKY, Superintendent, ) | |
| ) | |
| Respondent. ) | |

**Entry and Order Dismissing Action**

In a prison disciplinary proceeding identified as No. ISR 15-06-0084, Isaac Jones was found guilty of disorderly conduct and was sanctioned. The administrative records show that Jones was not sanctioned with any loss of good-time credit or demotion in credit class. [dkt. 8-5]. Because Jones was not subject to a sanction affecting the durations of his incarceration, he does not satisfy the custody requirement of 28 U.S.C. § 2254. *Montgomery v. Anderson*, 262 F.3d 641, 643-44 (7th Cir. 2001).

**Discussion**

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.*

"A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded upon that deprivation were constitutionally deficient." *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007). If a habeas petitioner has suffered the deprivation of a protected liberty interest the

procedural protections delineated in *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974), are applicable and the decision must be supported by "some evidence." *Superintend. Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *see also Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

In order to proceed, Jones must meet the "in custody" requirement of § 2254(a). Meeting this requirement is a matter of jurisdictional significance. *Maleng v. Cook,* 490 U.S. 488, 490 (1989) (per curiam). "[T]he inquiry into whether a petitioner has satisfied the jurisdictional prerequisites for habeas review requires a court to judge the 'severity' of an actual or potential restraint on liberty." *Poodry v. Tonawanda Band of Seneca Indians,* 85 F.3d 874, 894 (2d Cir. 1996). A sanction which does not constitute "custody" cannot be challenged in an action for habeas corpus relief. *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001).

Jones alleged in his petition that the disciplinary sanctions consisted of a written reprimand, a stint in disciplinary segregation, and a 180-day loss of good time credit. [dkt. 2]. However, the record reveals that the sanctions imposed after a guilty finding in No. ISR 15-06-0084 were a written reprimand and three months in restricted housing that was suspended. This sanction is non-custodial. *See i.e., Cochran v. Buss*, 381 F.3d 637, 641 (7th Cir. 2004) (loss of preferred prison living arrangement, prison job and eligibility for rehabilitative programs are not sufficient consequences of a disciplinary proceeding to require due process); *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) (stating that not every prison action that adversely affects the prisoner requires due process, such as a transfer to a substantially less agreeable prison and an unfavorable classification for rehabilitative programs). When no recognized liberty or property interest has been taken,

which is the case here, the confining authority "is free to use any procedures it choses, or no procedures at all." *Montgomery v. Anderson,* 262 F.3d 641, 644 (7th Cir. 2001).

Jones argues in response to the respondent's motion to dismiss that as a consequence of the disciplinary conviction he was removed from the Plus Program in which he had an opportunity to earn 180-days credit time. However, because Jones had not yet earned this credit time, all he lost was the opportunity to earn future credit. This does not amount to a deprivation of a liberty interest. *Higgason v. Farley*, 83 F.3d 807, 809-10 (7th Cir. 1996).

## Conclusion

Because there is no sanction affecting the fact or duration of confinement in this case, the petition must be dismissed.

The respondent's motion to dismiss [dkt. 8] is **granted**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: <u>May 5, 2016</u>

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Isaac Jones, #190857
Pendleton Correctional Facility
Electronic Service Participant-Court only

Electronically registered counsel